GINSBURG, Senior Circuit Judge,
concurring:
Although I agree John VanderKam may not use state law to obtain an interest in Melissa VanderKam’s ERISA-protected survivor annuity, I write separately to emphasize that the Court has not today decided all state laws are preempted insofar as they burden qualified joint and survivor annuity (QJSA) benefits that have not yet been disbursed. The Court’s holding is necessarily limited to the situation in which the claimed source of authority for obtaining an interest in QJSA benefits is an agreement in the divorce decree of a plan participant and his beneficiary in which the beneficiary purports to waive her right to the survivor annuity. Because other ways of obtaining an interest in ERISA benefits, specifically those to which the Congress spoke in the anti-alienation provision of 29 U.S.C. § 1056(d), are not before us, we have no occasion to decide *893 whether the requirements for assignment and alienation in § 1056(d) preempt a state law that would transfer the annuity pursuant to an agreement to assign rather than to waive the benefits.
John argues that although the divorce decree did not give rise to a valid qualified domestic relations order (QDRO), the requirements for a QDRO in § 1056(d) are intended only to “creat[e] a path for participants and beneficiaries to enforce their private agreements directly against a plan” and therefore do not preempt 'a state law that is used to enforce directly against a beneficiary her agreement to alienate her benefits. John’s argument is beside the point because Melissa “did not assign or alienate anything to [John] or to the Estate later standing in his shoes.” Kennedy v. Plan Adm’r for DuPont Sav. & Inv. Plan, 555 U.S. 285, 292-97, 129 S.Ct. 865, 172 L.Ed.2d 662 (2009) (holding a nearly identical provision of a divorce decree was an attempted waiver, not an assignment, and therefore should not be analyzed for validity under the requirements for a QDRO). It is therefore sufficient today for us to hold the QJSA provision in ERISA preempts a state law that would give effect to an otherwise invalid waiver of QJSA benefits; we need not address whether the QDRO provision preempts a state law that provides a different way of obtaining an interest in QJSA benefits. An example might be a car dealer suing a QJSA beneficiary who gave the dealer a security interest in her future stream of benefits in exchange for a car.